UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRANDON T. WALLUKAIT | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| GRAND DESIGN RV, LLC | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, BRANDON T. WALLUKAIT, is an individual that now and has been at all times a citizen of the state of California.

2. Defendant, GRAND DESIGN RV, LLC, hereinafter "GRAND DESIGN," is citizen of the state of Indiana and authorized to do and doing business in the state of Indiana with its principal place of business located in the state of Indiana and is a warrantor of a recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

GRAND DESIGN agent for service of process is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

### II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On or about June 24, 2022, Plaintiff purchased a new 2022 GRAND DESIGN MOMENTUM bearing VIN: 573FM4533N1122919, hereinafter "MOMENTUM," from BISH'S RV.

The "MOMENTUM" was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7. The sales price of the MOMENTUM was $141,493.41. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See **Hughes v. Segal Enterprises, Inc., 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); Chariton Vet Supply, Inc. v. Moberly Motors Co., 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B. Implied Warranties

8. As a result of the sale of the MOMENTUM by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the MOMENTUM would pass without objection in the trade under the contract description, and that the MOMENTUM was fit for the ordinary purpose for which such motor vehicles are purchased.

9. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

10. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the MOMENTUM, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the MOMENTUM had, in fact, repaired the defects.

11. Plaintiff's purchase of the MOMENTUM was accompanied by express warranties offered by the Defendant and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the MOMENTUM.

12. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the GRAND DESIGN's warranty booklet and owners manual. Also, the Defendant, GRAND DESIGN, continued to agree

to extended its express warranty with the Plaintiff to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D. Actionable Conduct

13. In fact, when delivered, the MOMENTUM was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following:

"A.    WATER LEAKS;

B.    PLUMBING DEFECTS, NON-CONFORMITIES AND CONDITIONS;

C.    ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED ON ANY AND ALL REPAIR ORDERS;

D.    THE DEALER HAD THE RV FOR 110 DAYS."

14. Since purchase, Plaintiff has returned his MOMENTUM to the Defendant and its authorized warranty service dealers for repairs on numerous occasions.

15. The defects experienced by Plaintiff with the MOMENTUM substantially impaired its use, value and safety.

16. Plaintiff directly notified the Defendant of the defective conditions of the MOMENTUM on numerous occasions.

17. Plaintiff has revoked acceptance and demanded a buyback from the Defendant.

### VI. Causes of Action

**COUNT 1: VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

18. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each

-4-

and every allegation contained in the preceding paragraphs.

19. The MOMENTUM is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

20. Plaintiff is a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

21. Defendant is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

22. The sale of the vehicle to Plaintiff was accompanied by an express written warranty.

23. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

24. Plaintiff brought his MOMENTUM to the Defendant's authorised repair facilitates for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

25. Defendant has not repaired the non-conformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

26. Further, the sale of the MOMENTUM to Plaintiff was accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

27. Defendant has breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

28. Despite their breach of the express and implied warranties, Defendant has refused Plaintiff' demand for a refund or replacement.

29. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement, Defendant are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

30. The Defendant's continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant and each of them are liable to Plaintiff for civil penalties in an amount as set forth below.

31. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:   VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

34. Defendant is a "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

35. The MOMENTUM is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

36. The express warranties more fully described herein above pertaining to the MOMENTUM, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

37. The actions of the Defendant as herein above described, in failing to tender the MOMENTUM to Plaintiff free of defects and/or refusing to repair and/or replace the defective MOMENTUM tendered to Plaintiff constitute a breach of the written and implied warranties covering the MOMENTUM and hence a violation of the Magnuson-Moss Warranty Act.

38. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

39. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $500,000.00 according to proof at trial.

40. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES**

41. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

42. The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff' MOMENTUM or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the MOMENTUM and warranted that the MOMENTUM, was free of defects in materials and work quality at the time of delivery.

43. As alleged above, the Defendant breached its warranties by offering for sale and selling as safe to Plaintiff a MOMENTUM that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

44. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

45. The damages Plaintiff has suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 4: BREACH OF IMPLIED WARRANTIES

46. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

47. The Defendant impliedly warranted that Plaintiff' MOMENTUM which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

48. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if

at all, until the MOMENTUM had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

49. Because of the defects, Plaintiff's MOMENTUM is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

50. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII. Economic and Actual Damages

51. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

    d. Diminished or reduced market value; and

    e. Costs of repairs.

### VIII. Multiple Damages

52. The Defendant's conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiff to an award for civil penalties and multiple damages.

53. Plaintiff has rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

54. Plaintiff had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

55. The Defendant's failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

### IX.   Request for Rescission

56. Plaintiff seeks the remedy of rescission of the sales contract which is requested in the following paragraph.

57. Plaintiff revokes his acceptance of the MOMENTUM for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of Defendant that the defects in MOMENTUM would be repaired. Accordingly, Plaintiff seeks a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of warranty set forth above. Plaintiff also seeks cancellation of the debt and now offers to return the MOMENTUM to Defendant.

### X.   Attorney Fees and Costs

58. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct

of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI.  Prayer

59. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2022 GRAND DESIGN MOMENTUM bearing VIN: 573FM4533N1122919 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

   e. Any diminution in value of the MOMENTUM, attributable to the defects;

   f. Past and future economic losses;

   g. Prejudgment and post-judgment interest;

   h. Damages for loss of use of vehicle;

   i. Civil Penalties and/or Punitive damages;

   j. Damages for mental anguish;

   k. Attorney fees;

   l. Costs of suit, expert fees and litigation expenses; and

   m All other relief this Honorable Court deems appropriate.

**XII.   Demand for Jury Trial**

60.   Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF
